UNITED STATES DISTRICT COURT
WESTERN DISTRICT
STATE OF MISSOURI

Donita Pendleton #88160           )
Chillicothe Correctional Center   )
1500 West Third Street            )
Chillicothe, MO 64601             )
                                  )    08-0700-CV-W-GK-P
        Petitioner,               )    Case Number: _____
                                  )
v.                                )
                                  )
Jennifer Miller, Warden           )    **EVIDENTIARY HEARING REQUESTED**
Chillicothe Correctional Center   )
1500 West Third Street            )
Chillicothe, MO 64601             )
                                  )
        Respondent                )

## MEMORANDUM IN SUPPORT OF PETITION UNDER 28 U.S.C §2254 FOR A WRIT OF HABEAS CORPUS

COMES NOW Petitioner Donita Pendleton for her Memorandum in Support of Petition under 28 U.S.C. §2254 for a Writ of Habeas Corpus states:

Petitioner is actually innocent of the crime of first degree murder that resulted from a plea of guilty, stemming from an unusual set of circumstances of first impression, and the evidence of the Petitioner's factual innocence of the crime is meritorious in light of all the evidence, and that no reasonable juror would have convicted her.

Petitioner's Sixth Amendment claim of ineffective assistance of counsel is procedurally defaulted, however, to overcome the procedural bar, the Petitioner will claim actual innocence of the charge of first degree murder.

The claim of actual innocence is a procedural claim not a substantive one, and one that need not be exhausted in state courts before being interposed as a defense to a procedural challenge. Kinard v. Renico, 2002 U.S. Dist. LEXIS 14982.

Although to be credible, a habeas claim asserting innocence as a gateway to defaulted claims requires new, reliable evidence-- whether it be exculpatory scientific evidence, trustworthy eye-witness accounts, or critical physical evidence--that was not presented at trial, a habeas court's analysis is not limited to such evidence. House v. Bell, 547 U.S. 518 (2006).

1

Petitioner's conviction in the face of her actual innocence provided by the statement made by her co-defendant, Rhonda Blair, violates Petitioner's right to due process.

Even though Petitioner's co-defendant made the statement to the police , "that she could no longer lie, as she had not been exactly truthful.  She told him (Detective Pappas) that she stabbed Keil (the victim)."  The police report goes on to state, "during this interview, Rhonda Blair stated everything with the exception of Donita P. murdering Keil was true.  She knocked Keil to the floor the second time they were in the apartment.  Once Keil fell to the floor, she proceeded to kick her in the head.  She then stood over Keil and stated "Where's the money Ms. Keil?  Where's the damn money?'".  She then concluded her statement.

This statement, nor any other evidence was introduced at trial because Petitioner's attorneyimplied that if Petitioner did not plead guilty, that she would get the death penalty.

When a defendant pleads guilty on advice of counsel, the defendant's attorney has the duty to advise the defendant of the available options and possible consequences.  Counsel's inaction resulted in actual prejudice to the Petitioner.

Counsel did not explain all possible defenses before Petitioner entered her plea, failed to interview witnesses, and did not investigate the crime, or ask for an autopsy report.  Petitioner did not stab the victim, and would not have been found guilty of first degree murder by a jury.

Petitioner was denied due process because the trial court accepted her guilty plea without admonishing her of the constitutional requirements of such a plea.  Had counsel investigated, he would have found that Petitioner was merely a witness to the crime, and not an accessory.  Evidence was insufficient to support a felony conviction under Missouri accomplice liability law, which was not explained by counsel.

A guilty plea must be a voluntary expression of the defendant's choice, and a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences. <u>Krider v. State</u>, 44 S.W.3d 850 (Mo.App.2001).

Petitioner was denied her rights to due process of law, to a jury trial, and to the effective assistance of trial counsel as guaranteed by the Fifth, Sixth, and Fourteenth Amendment to the United States Constitution when she entered her guilty pleas unknowingly, involuntarily and unintelligently.

Pendleton v. Miller                2

Petitioner was deprived of her Fifth, Sixth, and Fourteenth Amendment constitutional rights to effective assistance of counsel where the cumulative impact of counsel's misadvice throughout the plea negotiations and sentencing constitutes ineffective assistance of counsel and renders the plea involuntary. Strickland v.Washington, 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct.2052 (1984).

If Petitioner been allowed to present her defense to a jury trial counsel would have had to present to the jury the elements of first degree murder, which under Missouri Revised Statute §565.020(1) says,"A person commits the crime of murder in the first degree if he **knowingly** causes the death of another person after **deliberation** in the matter.

Petitioner's co-defendant's statement was that she (co-defendant) stabbed the victim. Petitioner could not have **knowingly deliberated** if she had not committed the crime. However, if Petitioner had had a jury trial a special problem would have arisen using the verdict director for murder in the first degree.

In order to be guilty of an offense based upon the conduct of another, the accessory must have both the purpose to aid the commission of an offense and whatever culpable mental state is required for the offense. Except in certain situations involving murder in the first degree, when a defendant has the purpose to aid the commission of a particular offense. For example, murder usually requires **"knowingly"** killing the victim. One cannot have the purpose to promote murder by aiding another person unless one knows the other person intends to kill; thus, the purpose to aid will include the mental state needed for murder. However, murder in the first degree requires **"deliberation"** - a mental state not found in any other crime. It is possible for the accessory to have the purpose to promote a murder by aiding another person without necessarily having **"deliberated"**. To make it clear that to be guilty of murder in the first degree the defendant must have deliberated.

Where the evidence shows the conduct elements of the offense were committed entirely by someone other than the defendant and the sole basis for defendant's liability is his or her aiding the other person...all of the elements of the offense...should be ascribed to the other person or persons and not to the defendant.

The actual innocence standard to be applied in a case that does not involve the death penalty is: first, that a claim of actual innocence of the crime requires petitioner to support his allegations of constitutional error with new, reliable evidence that was not presented at trial; second, if a petitioner satisfies this demanding burden, the merits of his actual innocence claim will be governed by a less rigorous standard than that in a death penalty case, that is:

whether petitioner has demonstrated that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. <u>Williams v. Avery</u>, 63 F.3d 688(1995).

The requisite showing of actual innocence is not related to the merits of a habeas claim; rather, it is a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits. <u>Id.</u>

If Petitioner is granted an evidentiary hearing, she will present testimony that there was forensic evidence (blood spatter) only on articles belonging to her co-defendant Rhonda Blair. Petitioner will provide "new" evidence that was not presented at trial, because there was no trial. Petitioner will testify that exculpatory evidence would have cleared her of the first degree murder charge if her attorney had presented it to a jury.

Counsel's advice to plead guilty because if Petitioner went to trial and was found guilty, that she would receive the death penalty, is a valid claim of ineffective assistance of counsel, which requires an evidentiary hearing. <u>United States v. Unger</u>, 665 F.2d 251 (8th Cir. 1981).

Petitioner will testify at an evidentiary hearing that her constitutional rights were violated under Article I, Sections 10, 15 and 18(a) of the Missouri Constitution, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution when the articles the State intended to use against Petitioner were obtained pursuant to an unlawful search and seizure by members of the St. Louis Police Department.

The search and seizure was made without authority and without a search warrant.

Defendant's arrest was made without warrant and without authority and without probable cause to believe that a felony had been committed and that defendant had committed it, and therefore, the search and seizure were not made incident to a lawful arrest.

That there is no evidence that the seized article(s) had been used or was about to be used in any way upon which this criminal charge could arise.

The defendant did not violate any law, either misdemeanor or felony, in the presence of the officers which would warrant the arrest.

Petitioner's constitutional rights were violated under Article I, Section 15 of the Missouri Constitution, and the Fourth, Fifth and Fourteenth Amendments of the United States Constitution when she was not presented before a magistrate "as soon as practicable," and her statements were obtained prior to presentation before a magistrate and a lawyer was not afforded prior to or during interrogation.

The length and nature of Petitioner's custody, and the duration and nature of Petitioner's interrogation and the conditions under which it was conducted, were inherently coercive as applied to a person of Petitioner's education, background and physical and mental condition at the time such interrogation occurred.

Petitioner was subjected to mental, physical, and psychological duress during said interrogation.

Petitioner, a person of limited education, was induced to make alleged statements by averments and promises of the arresting officers, and said averments being ones of implication in the offense charged and said promises were ones of leniency and of a desire to help the defendant.

Statements were made without the Petitioner first being advised of her constitutional rights, to wit:  She was not advised in clear and unequivocal terms of her right to remain silent prior to her interrogation.  She was not advised that anything that she said could and would be used against her in a court of law.  She was not advised of her right to counsel with a lawyer and to have lawyer present with her during the interrogation.  She was not advised that a lawyer would be appointed if she was indigent.

Petitioner did not waive her right to remain silent or her right to counsel, or her right to have counsel appointed for her. The interrogation by said police officers did not cease when she indicated that she wished to remain silent, and that she desired to have appointed counsel present on her behalf at said interrogation..

Petitioner was arrested without warrant or probable cause to believe that she had committed a crime, and said out-of-court identification was the product result and poisonous fruit of said unlawful arrest.

The circumstances surrounding the said out-of-court identifcation were so inherently suggestive and conducive to mistaken identification as to violate due process under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 10, 15 and 18(a) of the Missouri Constitution.

The testimony of said witnesses as to any out-of-court identification has been fatally infected by the tainted out-of-court identification, and as such is merely a product of that improper out-of-court identification.

Said confrontation constituted  a violation of Petitioner's rights under the United States Constitution Amendments Four, Five, Six and Fourteen, and Missouri Constitution Article I, Sections 10, 15 and 18(a).

A petitioner on federal habeas corpus is entitled to an evidentiary hearing where the petitioner establishes a "colorable" claim for relief and where the petitioner has never been accorded a state or federal hearing on his claim. Earp v. Oronski, 431 F.3d 1158 (9th Cir.2005), citing Townsend v. Sain, 372 U.S.293 (1983) and Keeney v. Tamayo-Reyes, 504 U.S. 1(1992).

In stating a "colorable" claim, a petitioner is merely required to allege specific facts which if true, would entitle him to relief. Id.

Petitioner in the case at bar entered an involuntary guilty plea because the plea did not represent a voluntary and intelligent choice among various options available to the defendant. See North Carolina v. Alford, 400 U.S.25 (1970).

Because it waives numerous constitutional rights, a guilty plea must be knowing, intelligent, and voluntary. A plea may be involuntary either because the accused does not understand the nature of the constitutional protections that he is waiving, or because he has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt. See Henderson v. Morgan, 426 U.S.637, 645 n.13 (1976).

Petitioner's guilty plea was based wholly on the advice of her attorney, who inferred that a trial would result in the death penalty. Petitioner's plea was based on fear of receiving the death penalty, not on sufficient evidence.

Had petitioner been allowed to proceed with jury trial for the charge of murder in the first degree instructions on lesser homicide offenses would have been submitted to the jury.

When murder in the first degree is the highest degree submitted, MAI-CR 3d 313.02 will be used to submit murder in the first degree. As to the lesser included offenses: (1) MAI-CR 3d 313.04 on murder in the second degree-conventional will be given; (2) MAI-CR 3d 313.06 on murder in the second degree-felony will be given; MAI-CR 3d 313.08 on voluntary manslaughter will be given only if there was evidence of the mitigating factor of sudden passion arising from adequate cause injected.

Petitioner is innocent of the offense of first degree murder, as corroborated by the statement made to police by her codefendant, Rhonda Blair.

If petitioner not relied on the advice of her attorney and gone to trial, no juror would have convicted her, beyond a reasonable doubt, on the charge of first degree murder. The constitutional violation of the right to effective assistance of counsel has resulted in the conviction of one who is actually innocent of the charge of first degree murder, and it is more than likely that no reasonable juror would have convicted her in light of the admission of her codefendant.

WHEREFORE, Petitioner prays that this court grant her an evidentiary hearing on her petition for a writ of habeas corpus under 28 U.S.C. §2254, or whatever relief it deem necessary.

*Donita Pendleton*
Donita Pendleton #88160
Chillicothe Correctional Center
1500 West Third Street
Chillicothe, MO 64601